IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| CHAMINE PHILLIPS, | : |
| | : |
| Plaintiff, | : CIVIL ACTION - LAW |
| | : NO. _____ |
| vs. | : (Filed Electronically) |
| | : |
| TORRANCE STATE HOPSITAL, and | : |
| | : JURY TRIAL DEMANDED |
| BRAD SNYDER, Individually, and | : |
| Acting in his capacity as Chief Executive | : |
| Officer of Torrance State Hospital, | : |
| | : |
| Defendants. | : |

## COMPLAINT

AND NOW, comes the Plaintiff, CHAMINE PHILLIPS, by and through her attorneys, Jerome J. Kaharick and Associates, and sets forth the following Complaint, of which these averments are particularized:

### Jurisdiction and Venue

1. This action seeks declaratory, injunctive, and equitable relief, compensatory and punitive damages, costs and attorney's fees for the sexual discrimination and retaliation suffered by the Plaintiff in her employment by the Defendants.

2. This action arises under Title VII of the Civil Rights Act of 1964, 42 U.S.C. Section 2000(e), et seq., and the Civil Rights Act of 1991, 42 U.S.C. Section 1981(a).

3. Jurisdiction is invoked pursuant to 28 U.S.C. Section 1331 and Section 1343(4) and 42 U.S.C. Section 2000(e)-5(f). A right to sue letter was issued by the Equal Employment Opportunity Commission (EEOC) on December 9, 2015, and received on December 12, 2015 a true and accurate copy of which is attached hereto as Exhibit "A" based upon Charge Affidavits timely filed with the EEOC.

4. Declaratory, injunctive, and equitable relief are sought pursuant to 28 U.S.C. Section 2201, Section 2202, and 42 U.S.C. Section 2000(e)(5)(g). Compensatory and punitive damages are sought pursuant to 42 U.S.C. Section 1981(a).

5. Costs and attorney's fees may be awarded pursuant to 42 U.S.C. Section 2000(e)-5(k) and Fed. R. Civ. P. 54.

6. This action is proper in the Western District of Pennsylvania, civil division, pursuant to 29 U.S.C. Section 1391(b), because the claim arose in this judicial district, and pursuant to 42 U.S.C. Section 2000(e)-5(f)(3) because of the unlawful employment practices committed in this judicial district.

## PARTIES

7. Plaintiff, Chamine Phillips, is an adult individual of the State of Pennsylvania, presently residing at 8597 Route 286 Highway West, Homer City, County of Indiana 15748 and is an African American.

8. Defendant, Torrance State Hospital located at 121 Longview Drive, P.O. Box 111 Torrance, Pennsylvania 15779, is a State facility for people with mental illness. Torrance State Hospital's current employee compliment is at 649 staff with 301 individuals residing with the facility and at all times mentioned herein, employed the Plaintiff.

9. Defendant, Brad Snyder, located at 121 Longview Drive, P.O. Box 111, Torrance, PA 15779, is the Chief Executive Officer of Torrance State Hospital.

10. In that capacity, the Defendant, Brad Snyder, was responsible for carrying out the policies and procedures established by Torrance State Hospital and directly responsible for the hiring, promotion, demotion, and termination of employees of Torrance State Hospital.

## COUNT I:
## SEXUAL DISCRIMINATION

11. Plaintiff has been employed by Defendant, Torrance State Hospital, since August 2, 2010. From August 2010 thru July 2011, Plaintiff worked as Clinical Doctoral Intern.

12. Plaintiff's immediate supervisor at Defendant, Torrance State Hospital is Dr. Danielle Adamsky (Director of Psychological Services).

13. The following actions detailed in this paragraph committed by the Defendants, Torrance State Hospital and its agents, servants, and employees, show a pattern of discriminatory animus employed by Defendants against the Plaintiff and the creation of a hostile work environment that Plaintiff was subjected to in the following particulars:

(a) In December 2011, Plaintiff was hired as a full-time Civil Service Employee.

(b) From January 2012 thru December 2014, Plaintiff provided sexual offender specific treatment to Greizman 3 patients.

(c) In April 2013, Plaintiff started working full-time on Greizman 3 as the ward psychology staff/and lead clinician of the Sexual Disorder Treatment Program.

(d) Beginning May 21, 2013, Plaintiff voiced concerns regarding hostile treatment, from Reynaldo Puesan, MD (Contract Psychiatrist) via e-mail to her immediate supervisor, Dr. Danielle Adamsky.

(e) Plaintiff was harassed by Reynaldo Puesan, MD (Contract Psychiatrist). He stated the treatment Plaintiff provided to the patients was "draconian"; stated Plaintiff was "diluted" and "treatment is ineffective". These statements were unwelcomed and offensive and have impacted Plaintiff's ability to perform her job duties and roles.

(f) On June 13, 2013, Dr. Don Giovanni, acting psychological director, e-mailed the CEO, Robert Snyder and SRS Director, Angela Harris with ongoing concerns with the adversarial environment Plaintiff was being exposed to on G3. Dr. Giovanni expressed concerns that this was negatively impacting Plaintiff's ability to effectively provide treatment according to the written program for the ward.

(g) On June 19, 2013, Plaintiff e-mailed Dr. Adamsky regarding ongoing concerns with Dr. Puesan and the hostile environment on the ward. Plaintiff stated that she "cried two weeks in a row" and that the situation had only "gotten worse". Plaintiff informed Dr. Adamsky that she felt Dr. Puesan was seeking revenge towards her due to a disagreement regarding a patient with a recent history of sexual assault and Dr. Puesan's decision to decrease her supervision, the patient subsequently assaulted a female patient the next week, therefore forcing Dr. Puesan to reverse his decision to decrease supervision.

(h) On July 11, 2013, Plaintiff, Dr. Don Giovanni, Robert Snyder (CEO), Dr. Chissel (Chief of Psychiatry), Dr. Puesan and Angela Harris met to discuss the hostile work environment on ward 3.

(i) Plaintiff agreed to meet with Dr. Puesan outside of treatment team in hopes of decreasing the hostility which was occurring in the presence of other staff. Dr. Puesan ended these meetings between June 2014 and July 2014. Although improved, the work environment remained hostile. Dr. Puesan would make statements such as "you and your boss cannot really empathize with these patients because you are women." Dr. Puesan also told Plaintiff during a discussion about a previous psychiatrist that "he doesn't respect you, he only talked to you because you have boobs." Plaintiff then deciced that is was in her best interest to begin formal documentation regarding statements made by Dr. Puesan.

(j) On October 1, 2014, during a treatment team meeting regarding a patient, in the presence of the patient, Dr. Puesan requested feedback from staff. Dr. Puesan proceeded to ask each staff member one by one for his or her feedback. However, Dr. Puesan then turned to Plaintiff specifically, and stated, "not you" indicating his desire to exclude Plaintiff from the discussion.

(k) In a witness statement, Dr. Puesan referred to Plaintiff as a "Jew at the Wailing Wall" on December 23, 2014.

(l) On December 23, 2014, Dr. Adamsky attended a meeting with Robert Snyder, Angela Harris, Dr. Puesan and Dr. Chisell to discuss the alleged statements. Dr. Puesan acknowledged making these statements. No plan of action was provided by Robert Snyder or Angela Harris.

(m) On December 24, 2014, Dr. Adamsky voiced concern that Plaintiff was still expected to attend treatment team with Dr. Puesan and that she was no longer permitted to attend Plaintiff's team.

(n) On December 30, 2014, Plaintiff voiced concerns of being "penalized" by Angela Harris in an e-mail, and in order to seek clarification on the removal of the clinical direction and support of the department's director. Plaintiff expressed concerns regarding the decision, as the decision appeared to be penalizing Plaintiff and Dr. Hvizdak for the alleged inappropriate comments of the unit psychiatrist by removing the support of their supervisor in

this setting.  Angela Harris stated, "I am choosing not to go into detail regarding this decision" and made mention of a "plan regarding monitoring the treatment team meetings" denying Plaintiff the opportunity to discuss the issue or voice concerns.

   (o) On December 30, 2014, Dr. Adamsky was asked by Angela Harris what the "status" was regarding the situation with Dr. Puesan.  Dr. Adamsky informed Angela Harris of Plaintiff's intent to report the incident to the EEOC.

   (p) On December 31, 2014, Plaintiff attended treatment team as scheduled and Angela Harris was also in attendance.  However, Angela Harris excused herself approximately 30-45 minutes before the end of the meeting in order to attend another meeting, subsequently ending the "monitoring" of treatment team and interactions between Dr. Puesan and Plaintiff, which continued in her absence.

   (q) Plaintiff was informed by Dr. Adamsky that per Robert Snyder's directive, she was being removed from her ward and replaced with a male psychology staff.  Robert Snyder met with Dr. Chissell and Dr. Puesan prior to informing Angela Harris of this decision.  Angela Harris then summoned Dr. Adamsky to a meeting and informed her that each member of her psychology staff would be moved to different wards while Dr. Puesan remained because "he is the doctor and has the ability to admit and discharge patients."  This decision was made with the knowledge that Dr. Puesan had admitted to making discriminatory and sexually harassing statements on December 23, 2014.

   (r) Plaintiff has never been interviewed regarding the witness statement provided to Angela Harris to date.

  14. The Plaintiff has no plain, adequate, or complete remedy at law to address the wrongs alleged and is now suffering and will continue to suffer irreparable injuries from her treatment by Defendants, Torrance State Hospital and Brad Snyder, individually, and acting in his capacity as Chief Executive Officer of Torrance State Hospital.

  15. The Plaintiff has suffered, is now suffering, and will continue to suffer emotional pain, suffering, inconvenience, mental anguish, loss of enjoyment of life, and other non-pecuniary losses as a direct result of Defendants' discrimination.

  16. Plaintiff will suffer future pecuniary losses as a direct result of the Defendants' discrimination.

17. The Defendants have engaged in discrimination against the Plaintiff with malice or reckless indifference to Plaintiff's rights under Title VII.

18. Because sex/national origin was/were motivating factors and made a difference in the decision to treat the Plaintiff from other non-minorities, the Defendants Torrance State Hospital, and Brad Snyder, individually, and acting in his capacity as Chief Executive Officer of Torrance State Hospital, violated Title VII.

WHEREFORE, Plaintiff prays this Court:

(a) Declare the conduct engaged in by the Defendants to be a violation of Plaintiff's rights;

(b) Enjoin the Defendants from engaging in such conduct;

(c) Award Plaintiff compensatory and punitive damages;

(d) Award Plaintiff costs and attorney's fees; and

(e) Grant such other relief as it may deem just and proper and reinstatement to former position with back pay from date of discharge to date of the filing of this Complaint.

## COUNT II:
## RETALIATION

19. Plaintiff incorporates by reference the averments in Paragraphs 1 through 18 as though fully set forth herein.

20. The Plaintiff was engaged in protected activities, *i.e.*, she was protesting formally and informally the discrimination she suffered as detailed in Count I above and the making of complaints to management protesting the discrimination suffered at the place of employment.

21. The Plaintiff suffered an adverse employment action.

22. The actions of the Defendants in failing to re-assign the Plaintiff away from the hostile environment was taken in response to her complaints to management and the EEOC.

WHEREFORE, Plaintiff prays this Court:

(a) Declare the conduct engaged in by the Defendants to be a violation of Plaintiff's rights;

(b) Enjoin the Defendants from engaging in such conduct;

  (c)  Award Plaintiff compensatory and punitive damages;

  (d)  Award Plaintiff costs and attorney's fees; and

  (e)  Grant such other relief as it may deem just and proper and reinstatement to former position with back pay from date of discharge to date of the filing of this Complaint.

## COUNT III:
## INFLICTION OF EMOTIONAL DISTRESS

23. Plaintiff incorporates Paragraphs 1 through 22 of the Complaint as if the same were set forth herein.

24. Plaintiff was verbally harassed by Reynaldo Puesan, MD (Contract Psychiatrist) which impacted Plaintiff's ability to perform her job duties and roles.

25. On June 13, 2013, Dr. Don Giovanni, acting psychological director, expressed concerns to the CEO, Robert Snyder and SRS Director, Angela Harris, that the verbal harassment that Plaintiff was enduring from Dr. Puesan, was negatively impacting her ability to effectively provide treatment.

26. On June 19, 2013, Plaintiff e-mailed Dr. Adamsky and stated that she "cried two weeks in a row" and that the situation had only "gotten worse" and that she was fearful that Dr. Puesan was seeking revenge towards her.

27. Plaintiff agreed to meet with Dr. Puesan outside of treatment team in hopes of decreasing the hostility which was occurring in the presence of other staff, although improved, the work environment remained hostile. Dr. Puesan ended these meetings. Dr. Puesan continued to make unwelcomed statements to the Plaintiff.

28. On December 23, 2014, a meeting was held with Dr. Adamsky, Robert Snyder, Angela Harris, Dr. Puesan and Dr. Chisell, to discuss the alleged statements. Although Dr. Puesan acknowledged making the statements, no plan of action was provided by Robert Snyder or Angela Harris.

29. As a direct and proximate result of the outrageous conduct of Defendant, Torrance State Hospital, the Plaintiff has suffered great mental anguish and severe emotional distress.

30. The Plaintiff will suffer pecuniary losses as a direct result of Defendants' outrageous conduct.

31. The acts, conduct and behavior of Defendants, Torrance State Hospital, and Brad Snyder, individually, and acting in his capacity as Chief Executive Officer of Torrance State Hospital, were performed knowingly, intentionally, and maliciously, by reason of which Plaintiff is also entitled to an award of punitive damages.

WHEREFORE, Plaintiff demands judgment against the Defendants, Torrance State Hospital, and Brad Snyder, individually, and acting in his capacity as Chief Executive Officer of Torrance State Hospital, as follows:

(a) Awarding any and all damages resulting from Plaintiff's humiliation, embarrassment, anxiety, and emotional distress;

(b) Awarding Plaintiff reasonable attorneys' fees and costs in the filing of this lawsuit; and

(c) Granting Plaintiff such other and further relief as the Court may deem just and proper.

**JURY TRIAL DEMANDED**

Respectfully submitted,

**JEROME J. KAHARICK and ASSOCIATES**

Date: MARCH 11, 2016

/s/ Jerome J. Kaharick
Jerome J. Kaharick
Pa. I.D. No. 61950
Park Building, Suite 301
142 Gazebo Park
Johnstown, PA 15901
(814) 539-6789
(814) 539-5934 (facsimile)
jkaharick@atlanticbb.net